# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

JOHN TAYLOR                                                                                             PLAINTIFF
ADC #123066

V.                                       NO: 1:07CV00007 SWW/HDY

JAMES BANKS *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this complaint on February 21, 2007, alleging a number of constitutional violations. Now pending before the Court is a motion to dismiss filed by Defendants James Banks, Richard Munson, William Wright, Annie Rector, and Chad McGowen ("Defendants") (docket entry #20). Plaintiff, who is currently incarcerated at the North Central Unit of the Arkansas Department of Correction ("ADC"), has filed a response (docket entry #39).

### I. Standard of review

In evaluating a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

## II.  Analysis

According to Plaintiff's complaint, he was forced to complete witness statements in front of many inmates, who then labeled him a "snitch."  Plaintiff claims he was denied protective custody, and that the witness statements he completed were shown to, or discussed with, his enemies.  Plaintiff says that, as a result, he has been ridiculed and harassed.  Plaintiff asserts that he was written a disciplinary charge in retaliation for requesting protective custody and writing a letter to the ADC's assistant director.  Plaintiff also charges that he has been denied adequate medical treatment at the North Central Unit, and the East Arkansas Regional Unit.  Finally, Plaintiff says he "fear[s]" that his mail may not be going out to his family, because he has not received any responses.  Plaintiff seeks a transfer to another unit, and monetary compensation for the extra time he will have to serve as a result of the disciplinary charge.

Defendants contend that Plaintiff has failed to exhaust his administrative remedies, that he has no right to a transfer to another facility, or to have mail opened in only his presence, that disciplinary proceedings cannot be challenged, and that they are entitled to immunity.  Because Plaintiff has failed to exhaust his administrative remedies, his complaint should be dismissed.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the Plaintiff.  *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam).  The Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003).  Defendants note that Plaintiff admits in his complaint that he has failed to exhaust his grievances, because he fears possible retaliation.  In his response to the motion to dismiss, Plaintiff

asserts that he cannot exhaust his grievances because of retaliation or of the failure of staff members to answer them. However, Plaintiff's claims regarding retaliation are speculative at this time, and if staff members do retaliate against him for filing grievances, he could initiate a lawsuit on that basis. Although Plaintiff suggests exhaustion would be fruitless because of the refusal of staff members to respond, the exhibit attached to his response demonstrates otherwise. In fact, a "grievance extension" form, which was authored by the inmate grievance supervisor, and submitted by Plaintiff, indicates that Plaintiff will receive a response to his grievance by May 21, 2007. Thus, because Plaintiff failed to fully exhaust his grievances before he filed his lawsuit, his claims should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion to dismiss (docket entry #20) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __22____ day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE